U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JAN 22 PM 3:12

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:13-cr-11 |
| ) | |
| JOHN KUHL ) | |

# OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 42, 58, 61, 63 & 64)

This matter came before the court for a review of the Magistrate Judge's November 24, 2014 Report and Recommendation ("R & R"). Defendant John Kuhl has filed a motion pursuant to 28 U.S.C. § 2255 that seeks to vacate, set aside, or correct a judgment and sentence imposed by this court on the grounds that he received ineffective assistance of counsel. (Doc. 42.) The government opposed the motion. (Doc. 55) In his R & R, the Magistrate Judge recommended that Mr. Kuhl's § 2255 motion be denied. Mr. Kuhl objects to that recommendation in three filings (Docs. 61, 63 & 64).

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his objections, Mr. Kuhl makes "no allegations of Federal corruption" but argues, instead, that his prosecution in federal court was the product of the "silver platter doctrine" whereby various alleged defects in a state court investigation and proceedings

involving facts related to this case were improperly used to support a federal charge that should not have been prosecuted. (Doc. 64 at 1.)[1] More specifically, he claims that his defense counsel waived a probable cause hearing without his consent and the Magistrate Judge proceeded with the detention hearing under the mistaken impression that there was voluminous evidence to be reviewed by defense counsel when in fact Mr. Kuhl was allegedly in possession of a deposition transcript of the detective who examined a cell phone associated with a state court prosecution and allegedly found no contraband images. He states that "[a]n official accredited, specific lab[ora]tory had made the determination that was not supporting the pros[e]cution, and so THE EVIDENCE WAS SQUASHED?! That really happened!" (Doc. 63 at 1.) He makes a claim of actual innocence, asserting that AN UNDETERMINABLE IMAGE WAS SENT BY AN UNIDENTIFIABLE PARTY." (Doc. 64 at 2.)

Mr. Kuhl further claims that defense counsel failed to contact a witness despite his written request directing him to do so. He now asks that this witness be located and deposed apparently with regard to his allegations of police corruption in Newport and a Newport police officer who allegedly received false information from sources tied to a drug ring. He faults his defense counsel for failing to heed his request for an injunction although injunctions are unavailable in federal criminal proceedings.

Finally, Mr. Kuhl argues that the Magistrate Judge's R & R should not be adopted because it contains a false and defamatory statement of the facts, there was no basis for the government's request for an increased period of supervised release based upon an alleged significant risk of recidivism, there was a presumption of guilt "PRIOR to any judicatory conclusions," and the federal courts were misled into believing that there was a contraband image in his possession when there was not. (Doc. 64 at 3.)

Mr. Kuhl was charged in a two-count indictment with possession and receipt of child pornography. He ultimately pled guilty to receipt of child pornography which

---

[1] The United States Supreme Court has rejected the "silver platter doctrine." *See Elkins v. United States*, 364 U.S. 206, 208 (1960) ("In a word, we re-examine here the validity of what has come to be called the silver platter doctrine . . . [W]e conclude that the doctrine can no longer be accepted.").

carried a mandatory minimum sentence of 60 months under 18 U.S.C. § 2252(b)(1). Pursuant to a binding plea agreement accepted by the court under Fed. R. Crim. P. 11(c)(1)(C), the court sentenced Mr. Kuhl to the mandatory minimum sentence of imprisonment of 60 months. In his plea agreement with the government, Mr. Kuhl agreed that if the court imposed a sentence of 60 months, he would not file a direct appeal nor collaterally attack his sentence in any proceeding, including but not limited to, a motion under 28 U.S.C. §§ 2255 or 2241 except for a claim of ineffective assistance of counsel. Mr. Kuhl's plea agreement set forth the specific facts to which Mr. Kuhl was pleading guilty and he stipulated that these facts could be proved beyond a reasonable doubt.[2]

At the change of plea hearing, while under oath, Mr. Kuhl advised the court that he was satisfied with his attorney's representation, that the government could establish the essential elements of the receipt charge beyond a reasonable doubt, that the facts recited by the government in support of the charge and contained in his plea agreement were accurate, and that he was pleading guilty to the receipt charge because he was in fact guilty of that offense. He advised the court that his guilty plea was voluntary, that he voluntarily signed the plea agreement, and that he had not been pressured, threatened or coerced into entering into the plea agreement or entering a guilty plea. The court reviewed with Mr. Kuhl the provisions of his plea agreement that pertained to his waiver of the right to bring a direct appeal and to collaterally attack the sentence on any grounds other than ineffective assistance of counsel. The court also reviewed the trial rights that

---

[2] These facts were that in the District of Vermont in approximately February 2011, Mr. Kuhl:

> gave a cellular telephone to a then-12 year old minor female. The female used the telephone to take photographs of her nude genitalia, which images she then sent to KUHL by text using the cellular telephone network, a facility of interstate commerce. During a statement given to Newport Police Officers on April 20, 2011 Kuhl acknowledged that he possessed a picture of [a] vagina on his telephone, and that this image was sent to him from the phone he had given to the minor female. He also said he thought that the image depicted a female relative of the minor female's, who was then also a minor.

(Doc. 24, ¶ 4.).

3

Mr. Kuhl would give up if he proceeded to plead guilty, which included the right to a jury trial at which he would be presumed innocent and the government would bear the burden of proving his guilt beyond a reasonable doubt.

The court agrees with the Magistrate Judge that by pleading guilty, Mr. Kuhl has waived all claims relating to the investigation and prosecution of the receipt and possession charges that are not attributable to his ineffective assistance of counsel claim. *See Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987) (ruling it is "well settled that a defendant's guilty plea . . . in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution exception those going to the court's jurisdiction"). The Magistrate Judge carefully reviewed the record and found no basis for concluding that Mr. Kuhl had satisfied the two-pronged test for an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984).

In order to satisfy the first prong of the *Strickland* test, Mr. Kuhl would have to show that his counsel's performance was so deficient that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Here, Mr. Kuhl's counsel successfully negotiated for the lowest sentence available under the law. At the change of plea hearing, the court specifically inquired about threats, pressure, and coercion and was advised by Mr. Kuhl that he was not threatened, pressured, or coerced and he was satisfied with his attorney's representation.

In his objections to the R & R, although Mr. Kuhl claims that the flaws in the state court proceedings tainted the federal prosecution against him, he does not explain why he agreed that the facts set forth in the amended plea agreement were accurate. As the Magistrate Judge noted, Mr. Kuhl was aware of how to express disagreement with the facts because he had done so in connection with a plea agreement which was later amended. There is thus no basis to find that he was coerced by his attorney into a false guilty plea.

*Strickland*'s second prong requires Mr. Kuhl to show "that the deficient performance prejudiced the defense" such that there is "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. Where, as here, a defendant pleads guilty, the reasonable probability must pertain to a guilty plea that would not have occurred but for counsel's errors because Mr. Kuhl "would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court then analyzes whether the evidence, if properly presented, supports a reasonable probability that Mr. Kuhl would have been acquitted. *Id.* at 60.

With one of his objections, Mr. Kuhl submitted two pages of a transcript of his statement in response to law enforcement questioning in the state court case. His counsel moved to suppress those statements in the federal case and, after an evidentiary hearing, that motion was denied. In the excerpt, Mr. Kuhl appears to be stating that he believed the photo of a vagina sent to him from the phone he provided to a 12-year-old female actually depicted her older sister who he believed had been texting him. He does not contend that the older sister was over 18 years of age. In his change of plea and his plea agreement he acknowledges that he knew the older sister in question was also a minor. These admissions, if believed, appear sufficient to support a guilty verdict at trial.

Accordingly, although in his objections Mr. Kuhl makes a claim of actual innocence, he does not claim that the facts underpinning his guilty plea were inaccurate. He also does not deny that he agreed under oath that the government could prove the essential elements of the receipt charge beyond a reasonable doubt. In the absence of a reasonable explanation for these statements, the court accepts them as an accurate statement of Mr. Kuhl's guilt. *See United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (ruling that "the district court was entitled to rely on defendant's sworn statements, made in open court[.]"). There is thus no basis for concluding that it is reasonably probable that there would be a different outcome had Mr. Kuhl proceeded to trial. Mr. Kuhl has thus failed to sustain his burden to prove ineffective assistance of counsel under the second prong of the *Strickland* test.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 58), and DENIES the Defendant's motion to vacate, and DISMISSES WITHOUT PREJUDICE Defendant's § 2255 motion (Doc. 42).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 22nd day of January, 2015.

Christina Reiss, Chief Judge
United States District Court